[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD-PARTY DEFENDANT'S MOTION TO STRIKE (#112)
The plaintiffs brought this action sounding in legal malpractice and breach of contract against the defendant, George Bickford, (Bickford) an attorney. Bickford filed a motion for permission to implead High Sheriff Walter Kupchunos (Kupchunos) as a third-party defendant and to serve a complaint upon him pursuant to the provisions of General Statutes § 52-102a. The court, M. Hennessey, J. granted the motion. The third-party complaint was in three counts, seeking recovery from Kupchunos on the grounds of negligence, breach of contract and indemnification. Kupchunos has now moved to strike the first and second counts alleging negligence and breach of contract on the grounds that ". . . [§ 52-102a] does not provide an independent basis for claims such as defamation and loss of reputation. . . ." CT Page 8324
Section 52-102a (b) states: "The writ, summons and complaint so served shall be equivalent in all respects to an originalwrit, summons and complaint and the person upon whom it is served, hereinafter called the third-party defendant, shall have available to him all remedies available to an original defendant, including the right to assert set-offs or counter claims against the third-party plaintiff, and shall be entitled to file cross-complaints against any other third-party defendant. The third-party defendant may also assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim and may assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." (Emphasis provided). See also Practice Book § 117.
The purpose of § 52-102a, like that of Practice Book § 117, is clearly to obviate multiplicity of actions. There is no provision in the statute prohibiting the joinder of causes of action, whether in tort, contract, or for indemnification in a third-party complaint. The parties have not furnished the court with any authority on this precise issue, now has the court's research revealed any. Indeed, Practice Book § 133(7) expressly provides for joinder of causes of action "whether in contract or tort, or both, arising out of the same transaction or transactions connected with the same subject of action." See also Practice Book § 134.
While the impleading of a third-party defendant, such as Kupchunos is clearly ancillary to the original case, § 52-102a
nevertheless contemplates that the pleadings therein are to be treated in the same manner as the ordinary civil action. Therefore, I see no reason why Bickford may not maintain his independent actions for negligence and breach of contract against Kupchunos in the context of a third party complaint. This construction of § 52-102a is in accord with the purpose of encouraging and requiring parties to consolidate all of the litigation between them over claims which arise from a given set of events into a single judicial proceeding.
Accordingly, the motion to strike of the third-party defendant Kupchunos is denied. In light of this ruling, the court does not address Kupchunos' motion to strike Bickford's complaint in the consolidated case, Docket No. CV 97 571925, Bickford v.Kupchunos, as it is apparent to the court that the plaintiff in that case, the third-party plaintiff here, has alleged the identical CT Page 8325 claims contained in his third-party complaint. Therefore, that later filed action should be withdrawn or dismissed.
Teller, J.